1 Chipollini Stipulation Bankruptcy Case # 19-11146/ELF

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Eduardo Chipollini a/k/a Eduardo Chipoline and Miriam E. Alva a/k/a Miriam E. Alva Diaz a/k/a Myriam Alva<br>    Debtors,<br><br>JPMorgan Chase Bank, National Association<br>    Movant.<br>v.<br><br>Eduardo Chipollini a/k/a Eduardo Chipoline and Miriam E. Alva a/k/a Miriam E. Alva Diaz a/k/a Myriam Alva<br>    Debtors/Respondents,<br><br>Kenneth E. West, Office of the Chapter 13 Standing Trustee, Trustee<br>    Additional Respondent. | BANKRUPTCY CASE NUMBER<br>19-11146/ELF<br><br>CHAPTER 13<br><br>11 U.S.C. § 362 |

## CONSENT ORDER AND STIPULATION
## IN SETTLEMENT OF MOTION FOR RELIEF

COME NOW, the parties and agree to the following Consent Order and Stipulation in settlement of the Motion for Relief filed on behalf of JP Morgan Chase Bank, National Association (hereinafter "Movant"):

1. On, August 9, 2022, Movant filed its Motion for Relief from the Automatic Stay with respect to the property known as 306 Old Penllyn Pike, Blue Bell, PA 19422.

2. The parties agree that the total post-petition delinquency including fees and costs is $14,096.56, from 05/01/2021 through 10/01/2022, less $(554.24) in suspense/unapplied funds. The itemization of the post-petition amounts due is as follows:

| AMOUNT DUE | FROM DUE DATE | TO DUE DATE |
|---|---|---|
| $9,739.68 | | Post-Payments from 05/01/2021 to 04/01/2022 at $811.64 each |
| $4,911.12 | | Post-Payments from 05/01/2022 to 10/01/2022 at $818.52 each |

- 1 -

| $(554.24) | Suspense Balance |
|---|---|

_X_Trustee Pay    _ Debtor Pay    ___Trustee and Debtor Pay

3. Debtors will cure this post-petition delinquency by:

   Making payments pursuant to an Amended Plan that cures, not only pre-petition arrears; but, also cures this post-petition delinquency. The Amended Plan shall be filed by Debtors within thirty (30) days of the date of filing this Stipulation.

4. In addition to complying with the requirements of Paragraph 3, Debtors shall make all monthly post-petition payments as they become due to the address provided by the Movant in the monthly mortgage statement.

5. Debtors authorize Movant to mail to Debtors: (1) monthly mortgage statements; (2) account statements including an escrow analysis; and (3) notices regarding address or payment changes provided such a change is authorized by the Note and Deed of Trust. Debtors consent to direct contact by mail for purposes of receiving this information and waive any claim for violation(s) of the automatic stay regarding the same.

6. The terms of this Stipulation and the agreement reached between the parties shall remain in effect so long as the automatic stay remains in effect as to this Movant. In the event the automatic stay shall no longer remain in effect as to Movant, this Stipulation shall become null and void.

**IT IS ORDERED** that in the event the Debtors fail to comply with any of the conditions specified in this Stipulation and Order, the Movant shall file a written Notice of Default with the Court, and serve a copy upon the Trustee, counsel for the Debtors, and the Debtors. Such Notice shall include a statement of any alleged default, including an itemization of all delinquent payments and the total amount necessary to cure the default.

**IT IS FURTHER ORDERED** that if the Debtors fail to cure the delinquency in full or fail to file an objection to the Notice of Default within the 14 (fourteen) days of the date of the Notice, Movant shall be entitled to immediate relief from the automatic stay of 11 U.S.C §362(a) without further notice or hearing upon entry of an order for relief. For such purposes, Movant shall be free to exercise all of its rights and remedies under the Promissory Note, Deed of Trust, or as may otherwise be provided by the law. An order entered under this paragraph in accordance with Rule 4001(a)(1), is stayed until the expiration of 14 days after the entry of the order, unless

3 Chipollini Stipulation Bankruptcy Case # 19-11146/ELF

the court orders otherwise. All other relief requested by Movant is hereby denied without prejudice as settled.

Dated: _____10.12.2022_____   */s/ Lorraine Gazzara Doyle___*
　　　　　　　　　　　　　　　　　　　　Christopher A. DeNardo 78447
　　　　　　　　　　　　　　　　　　　　Lorraine Gazzara Doyle  34576
　　　　　　　　　　　　　　　　　　　　Attorney for Movant

　　　　　10/07/2022　　　　　　　　　　/s/ Albert J. Scarafone, Jr., with express permission
Dated: _____   _____
　　　　　　　　　　　　　　　　　　　　Albert J. Scarafone, Jr., Esquire
　　　　　　　　　　　　　　　　　　　　Attorney for Debtors


Dated: _10/11/2022_____/s/ Kenneth E. West with express permission
_____
　　　　　　　　　　　　　　　　　　　　Kenneth E. West, Office of the Chapter 13 Standing
　　　　　　　　　　　　　　　　　　　　Trustee
　　　　　　　　　　　　　　　　　　　　Trustee

# O R D E R

The foregoing Stipulation is **APPROVED**.

Date: 10/14/22

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　**ERIC L. FRANK**
　　　　　　　　　　　　　　　　　　　　**U.S. BANKRUPTCY JUDGE**